STERLING MOTOR TRUCK CO. OF N. Y., INC., Appellant, v. BELLA SCHUCHMAN, Respondent.

(Argued October 11, 1932; decided November 29, 1932.)

*Herbert G. McLear* for appellant. The court committed reversible error in refusing to admit plaintiff's evidence to establish the value of the used car traded in, and in awarding defendant $225 therefor, without any evidence as to its value. The court having found that defendant had rescinded the contract for the purchase of the new truck, there was no basis to hold that defendant should recover $225 as the agreed allowance for the car traded in. (*Sorenson* v. *Keesey Hosiery Co.*, 244 N. Y. 73; *Marr* v. *Tumulty*, 228 App. Div. 559.)

*M. Walter Solomon* for respondent. The trial court properly limited the parties to proof of the agreed value of the car traded in. (*Koon* v. *Greenman*, 7 Wend. 122; *Kelvinator-Syracuse, Inc.*, v. *Evans*, 258 N. Y. 629.)

*Per Curiam.* The defendant purchased a motor truck chassis. She agreed to pay the sum of $2,375 in cash and in notes to be secured by a chattel mortgage. The contract provides, " one 2-cylinder Autocar with body to be traded in on this contract." She delivered the cash, notes and chattel mortgage and also the " 2-cylinder Autocar." In this action to foreclose the chattel mortgage the defendant pleaded a breach of warranty and a rescission of the contract as a defense and counterclaim. After a trial of the issues, judgment was entered dismissing the complaint and awarding to the defendant the sum of $1,240, with interest.

The justice at Special Term found that the Autocar which the defendant traded in was of the agreed, accepted and reasonable value of $225. That amount is included in the defendant's recovery. The only evidence to sus-

tain that finding is that the amount which the defendant agreed to pay in cash and notes was $225 less than the list price of the automobile she bought.

Even if we assume that in determining the price which the defendant should pay for the chassis she bought, the parties agreed that the Autocar should be delivered and accepted at a valuation of $225, when the contract of sale is rescinded for breach of contract the agreement for the delivery and acceptance of the Autocar at the agreed valuation fails with the other terms of the rescinded contract. Then the defendant was entitled to the return of the Autocar. Since the plaintiff was unable to return the automobile, the defendant was entitled to its actual value, not the value agreed upon as part of the contract which has been rescinded. At most the agreed valuation constitutes an admission of actual value subject to explanation or contradiction and to be given such weight, only, as the circumstances justify. Evidence of actual value was offered by the plaintiff and excluded on the ground that the agreed value was conclusive. That ruling constitutes reversible error and requires reversal of the finding of the value of the Autocar. In other respects the judgment is supported by the evidence, and no reversible errors affect its validity.

The judgment of the Appellate Division and that of the Special Term should be reversed and a new trial granted, with costs to appellant in all courts, unless respondent stipulates to reduce the recovery by the sum of $225, in which event the judgment as thus modified should be affirmed, without costs. (See 260 N. Y. 698.)

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment accordingly.